UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN RESTIFO, | ) | No. ED CV 10-01469-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

considered the treating psychiatrist's opinion;

2. Whether the ALJ properly held that Plaintiff could perform the jobs of a store labor person, an auto body repairer helper and a hand packager.

(JS 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY EVALUATED THE OPINION**

**OF TREATING PSYCHIATRIST DR. BLUMBERG**

Plaintiff has been receiving treatment at the Riverside County Mental Health Department since November 2004. (AR 236-289.) In a Narrative Report prepared on April 27, 2010, Dr. Blumberg assessed the following: disorganized thought process; no psychosis; moderately impaired memory; intact judgment; confusion, depression and anxiety; inability to maintain a sustained level of concentration or sustained repetitive tasks for an extended period, or to adapt to new or stressful situations; ability to interact appropriately with others, but not with coworkers or with supervisors; pleasant but anxious attitude; able to manage his own funds; unable to complete a 40-hour workweek without decompensating; and a prognosis described as "chronic" and "very guarded." Further, Dr. Blumberg wrote that Plaintiff has a long history of severe anxiety and obsessive symptoms, poor concentration and attention span and an inability to complete tasks; that he is at times depressed and has been very refractory to

any treatment and unable to maintain consistent employment due to his illness. (AR 289.)

In her decision, the ALJ briefly referenced Dr. Blumberg's report, although mistakenly attributing it to a "medical source of unknown qualifications." (AR 17.) The ALJ rejected the conclusions set forth in this narrative report because they are "not consistent with the mental status examinations recorded in the treatment records or with the findings on examination by Dr. Rodriguez." (Id.)

Plaintiff asserts that the depreciation of Dr. Blumberg's opinion, as set forth in this narrative report, is error, necessitating a remand.

**A.  Applicable Law**.

In evaluating mental impairments, 20 C.F.R. §404.1520a(c)(3)(4) and §416.920a(c)(3)(4) mandate that consideration be given, among other things, to activities of daily living ("ADLs"), social functioning; concentration, persistence, or pace; and episodes of decompensation. These factors are generally analyzed in a Psychiatric Review Technique Form ("PRTF"). The PRTF is used at Step Three of the sequential evaluation to determine if a claimant is disabled under the Listing of Impairments; however, the same data must be considered at subsequent steps unless the mental impairment is found to be not severe at Step Two. See SSR 85-16.

20 C.F.R. §§404.1520a(c)(1) and 416.920a(c)(1) require consideration of "all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other

treatment."[1]

SSR 85-16 suggests the following as relevant evidence:

> "History, findings, and observations from medical sources (including psychological test results), regarding the presence, frequency, and intensity of hallucinations, delusions or paranoid tendencies; depression or elation; confusion or disorientation; conversion symptoms or phobias; psycho-physiological symptoms, withdrawn or bizarre behavior; anxiety or tension. Reports of the individual's activities of daily living and work activity, as well as testimony of third parties about the individual's performance and behavior. Reports from workshops, group homes, or similar assistive entities."

It is also required under §404.1520a(c)(2) and §416.920a(c)(2) that the ALJ must consider the extent to which the mental impairment interferes with an "ability to function independently, appropriately, effectively, and on a sustained basis" including "such factors as the quality and level of [] overall functional performance, any episodic limitations [and] the amount of supervision or assistance [] require[d]."

Pursuant to the September 2000 amendments to the regulations which modify 20 C.F.R. §404.1520a(e)(2) and §416.920a(e)(2), the ALJ

---

[1] 20 C.F.R. §404.1545(c) and §416.945(c) also require consideration of "residual functional capacity for work activity on a regular and continuing basis" and a "limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting."

4

is no longer required to complete and attach a PRTF. The revised regulations identify five discrete categories for the first three of four relevant functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decomposition. These categories are None, Mild, Moderate, Marked, and Extreme. (§404.1520a(c)(3), (4).) In the decision, the ALJ must incorporate pertinent findings and conclusions based on the PRTF technique. §404.1520a(e)(2) mandates that the ALJ's decision must show "the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

The Step Two and Three analyses (see Decision at AR 53-54) are intended to determine, first, whether a claimant has a severe mental impairment (Step Two), and if so, whether it meets or equals any of the Listings (Step Three). It is also required under §404.1520a(c)(2) and §416.920a(c)(2) that the ALJ must consider the extent to which the mental impairment interferes with an "ability to function independently, appropriately, effectively, and on a sustained basis" including "such factors as the quality and level of [] overall functional performance, any episodic limitations [and] the amount of supervision or assistance [] require[d]."

These findings and conclusions are relevant to the Step Two and Three analysis of whether a claimant has a severe mental impairment, and if so, whether it meets or equals any of the Listings. (See 20 C.F.R. Part 4, subpart p, App. 1.) The discussion in Listing 12.00,

"Mental Disorders," is relevant:

> "The criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. The functional limitations in paragraphs B and C must be the result of the mental disorders described in the diagnostic description, that is manifested by the medical findings in paragraph A.
>
> In Listing 12.00C, entitled 'Assessment of Severity,' it is stated that, 'we assess functional limitations using the four criteria in paragraph B of the Listings: Activities of daily living; social functioning; concentration; persistence, or pace; and episodes of decompensation. Where we use 'marked' as a standard for measuring the degree of limitation, it means more than moderate but less than extreme."

Social Security Ruling ("SSR") 96-8p makes the same point in distinguishing evidence supporting a rating of mental severity at Step Two, a Listing level impairment at Step Three, and the determination of an individual's MRFC at Step Four.

In a recent Ninth Circuit opinion, the Court held that an ALJ's failure to comply with 20 C.F.R. §404.1520a is not harmless error in a case in which a claimant has a colorable claim of mental impairment. (See Keyser v. Commissioner of Social Security Administration, 2011 DJDAR 7897 (June 1, 2011).

//

//

**B. Analysis**.

In this case, the issue is not whether the ALJ complied with statutory and regulatory requirements, as it is clear she did. Rather, the issue raised is whether the ALJ had specific and legitimate reasons, which are articulated in the decision, to reject Dr. Blumberg's analysis, consistent with the requirements of such seminal cases as Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ's principal articulated reason for depreciating Dr. Blumberg's analysis is that his opinion is not consistent with the mental status examinations recorded in the treatment records, or with the findings on examination by Dr. Rodriguez, a consultative psychiatric consultant. (See AR at 204-210.) As to the former, the Commissioner has delineated in the JS numerous of the mental status examination reports concerning Plaintiff, prepared over the years by the Riverside County Mental Health Department. Indeed, the Court cannot dispute the Commissioner's summation that these reports almost universally fail to support the conclusions reached by Dr. Blumberg on April 27, 1010. These reports can be found at AR 239, 240, 242, 243, 244, 250, 257-258, 272, 275, 277, 279, 283, and 286. While it is clear that Plaintiff has been prescribed a series of medications for his mental condition, and that these have been adjusted over time by Dr. Blumberg, he almost universally presented with appropriate appearance, mood, affect, attention and concentration, but with pressurized speech, and anxiety, which would appear to be consistent with Dr. Blumberg's Axis I diagnosis of severe anxiety disorder, and an obsessive compulsive disorder, ruling out Attention Deficit Hyperactivity Disorder ("ADHD"). (AR 289.) The question, however, is the extent of functional deficits as a result of Plaintiff's mental

impairment, and here, the Court must agree that the April 27, 2010 evaluation is almost completely inconsistent with the longitudinal treatment records referenced in this decision.

Moreover, the mental residual functional capacity as assessed by the ALJ is consistent with the November 4, 2008 complete psychiatric evaluation performed by Dr. Rodriguez at the request of the Department of Social Security, Disability and Adult Programs. As such, the ALJ's analysis, and findings determining Plaintiff's mental RFC, are consistent with the record as a whole, and are therefore supported by substantial evidence. The Court finds no error with regard to Plaintiff's first issue.

**II**

**THE ALJ DID NOT ERR IN IDENTIFYING AVAILABLE JOBS**

**AT STEP FIVE OF THE SEQUENTIAL EVALUATION PROCESS**

In Plaintiff's second issue, he contends that the ALJ erred in identifying three jobs that he could perform at Step Five of the sequential evaluation process (see AR at 18), because they conflict with the Reasoning Level II skills required of these jobs, as identified in the Dictionary of Occupational Titles ("DOT"). Plaintiff thus argues that the ALJ's limitation to simple, work-related decisions would preclude him from performing work requiring Reasoning Level II skills. (See JS at 15.)

Plaintiff's argument has been uniformly rejected in both District Court and Ninth Circuit decisions. See, e.g., Abrew v. Astrue, 303 Fed.Appx. 567, 569 (9th Cir. 2008); Lara v. Astrue, 303 Fed.Appx. 324, 326 (9th Cir. 2008); Scott v. Astrue, 2011 U.S. Dist. LEXIS 45648, *16 (C.D. Cal. 2011); Meissl v. Barnhart, 403 Fed.Supp.2d 981, 983-984

(C.D. Cal. 2005).

Plaintiff attempts to make a distinction between his limitation to simple, routine and repetitive tasks, which he agrees would allow him to perform work requiring either Reasoning Level I or II, but that his limitation to simple, work-related decisions would preclude that work. Plaintiff cites no authority for this proposition, and the Court fails to understand the distinction which Plaintiff seeks to make.

For the foregoing reasons, the Court finds no error with regard to Plaintiff's second issue.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 15, 2011                        /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE